IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAUTHAMI CHIKKAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-353-D |
| | ) |
| ERIC H. HOLDER, JR., United States | ) |
| Attorney General, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

Before the Court is Defendant United States Attorney General's Motion for Summary Judgment [Doc. No. 15],[1] which seeks an adjudication pursuant to Fed. R. Civ. P. 56 of Plaintiff's Petition for a Hearing *De Novo* on a Naturalization Application Under 8 U.S.C. § 1421(c). Plaintiff has timely responded in opposition to the Motion, and Defendants have replied. The Motion is thus at issue.

This case arises under a specific jurisdictional statute, enacted as part of the Immigration and Naturalization Act and codified at 8 U.S.C. § 1421(c), which provides as follows:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). "This grant of authority is unusual in its scope – rarely does a district court review an agency decision de novo and make its own findings of fact." *Nagahi v. I.N.S.*, 219 F.3d

---

[1] Despite the caption of the Motion, the docketing entry in the ECF system reflects that it was filed on behalf of all named defendants.

1166, 1169 (10th Cir. 2000). However, a federal court can only exercise jurisdiction within the bounds of its statutory authority, here, in accordance with the Administrative Procedures Act "after a hearing before an immigration officer under section 1447(a)." *See* 8 U.S.C. § 1421(c); *see also Abiodun v. Gonzales*, 217 F. App'x 738, 741 n.4 (10th Cir. 2007) (district court cannot take jurisdiction until the applicant "exhaust[s] his administrative remedy of appealing the denial to an immigration officer"); *Idahosa v. Bureau of Immigration & Customs Enforcement*, 111 F. App'x 293, 294 (5th Cir. 2004) (where applicant failed to comply with applicable regulations for obtaining administrative hearing and thus failed to exhaust available administrative remedies, "the district court lacked jurisdiction to review the denial of his application for naturalization"); 8 C.F.R. § 336.9(d) (requiring administrative exhaustion).

Upon review of the case record, the Court is unable to determine whether these jurisdictional prerequisites are met.[2] Plaintiff alleges that a request for hearing was made, but she provides no information concerning any subsequent administrative proceedings. *See* Petition, ¶ 12; *see also* 8 C.F.R. § 336.9(d) (requiring a petition for judicial review to provide information regarding prior administrative proceedings). Neither the Petition nor Defendant's Motion states sufficient facts to establish administrative exhaustion. This omission should be cured in the Joint Status Report to be filed pursuant to LCvR16.1(a).

Nor can the Court determine whether a summary adjudication of Plaintiff's Petition can be made.[3] The only administrative record submitted by Defendants with the Motion is the initial

---

[2] "Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also Arbaugh v. Y&H CorpArbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists").

[3] The Second Circuit has held that the mandate of a *de novo* hearing does not preclude the use, where appropriate, of summary judgment procedures under Fed. R. Civ. P. 56, at least where the agency denies an

decision issued by a field office of the U.S. Citizenship and Immigration Service (CIS) after Plaintiff's examination pursuant to 8 U.S.C. § 1446. Based on this decision, Defendants argue that CIS correctly determined Plaintiff to be ineligible for naturalization based on a finding pursuant to 8 C.F.R. § 316.10(b)(3)(iii) that she lacks good moral character due to a municipal court conviction in October, 2005, of larceny of merchandise. However, Defendants present additional arguments in support of the Motion that address matters not stated in the decision, such as that Plaintiff's offense was a crime involving moral turpitude. *See* 8 C.F.R. § 316.10(b)(2)(ii). Based on these insufficiencies in the record and lack of clarity in the briefs, the Court cannot say that Defendants are entitled to a judgment as a matter of law pursuant to Rule 56(c).

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Doc. No. 15] is DENIED without prejudice to its resubmission on an appropriate record.

IT IS SO ORDERED this 24th day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

application based on a statutory bar to naturalization. *See Chan v. Ganter*, 464 F.3d 289, 296 (2d Cir. 2006).